IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION


FILED
JAN 22 2018
Clerk, U.S. District Court
District Of Montana
Billings

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>FRANCINE JOANN GRANADOS,<br><br>Defendant. | CR 16-103-BLG-SPW-02<br><br>ORDER<br>NUNC PRO TUNC |

The Court's January 19, 2018, order (Doc. 247), granting Defendant's motion is amended as follows:

Defendant Francine Joann Granados, by and through counsel, has moved the Court pursuant to 18 U.S.C § 4285 for and Order directing the United States Marshal's Service to reimburse the Defendant for travel costs associated with the jury trial in this matter (Doc. 245) scheduled for **Monday, January 29, 2018**, on the grounds that she is financially unable to travel from her home state of Minnesota to the District of Montana. The Court is limited in granting this motion by 18. U.S.C. § 4285, however.

18 U.S.C. § 4285 provides that when an indigent defendant is released pending a court appearance, a judge "may, when the interests of justice would be served thereby" direct the Marshals Service to arrange for or pay for transportation

1

"to the place where [the defendant's] appearance is required" and "furnish [defendant] with an amount of money for subsistence expenses to [her] destination, not to exceed the amount authorized as a per diem allowance for travel under section 5702(a) of title 5, United States Code." Unfortunately for Hardeman, this statute is limited to the payment of one-way travel for a court appearance. *Id.*; *United States v. Mouzon*, No. 1:12–CR–301–04, 2014 WL 1303708, *1–2 (M.D.Pa. Mar. 31, 2014) (observing that the legislative history reveals Congress's intent that the statute authorize funds for travel only to the district); *United States v. Birdhorse*, No. 2:07–CR–65, 2007 WL 2358634, *2 (D.N.D. Aug.17, 2007).

Further, § 4285 authorizes only an order directing the Marshal to transport defendants to court. It does not provide judicial authority to require payment for lodging or food during a trial. The legislative history of § 4285 authorizes the payment of subsistence expenses "for the time during which the defendant is actually travelling." See H.R.Rep. No. 95–1653, 95th Cong., 2d Sess. at 3 (1978), U.S.Code Cong. & Admin.News 1978, pp. 3732, 3733 ("Subsistence shall terminate upon arrival at the defendant's destination and shall not continue throughout the defendant's stay at that destination."). Numerous courts have concluded that § 4285 does not authorize the United States Marshals Service to provide subsistence expenses to a defendant for lodging during the court appearance, nor for travel back to his or her residence. *United States v. Centeno*,

No. 09CR3120–L, 2009 WL 3334144, at *1 (S.D.Cal.2009); *United States v. James*, 762 F.Supp. 1, 2 (D.D.C.1991) ("while the statute authorizes payment to travel to the court, once at the site of the court, the statute does not authorize payment of subsistence during the course of the trial or hearing"); *United States v. Haley*, 504 F.Supp. 1124, 1129 (E.D.Pa.1981) ("[T]he statute does not authorize subsistence funding for defendants once they arrive at the place of trial and during trial, which could be extended."); *United States v. Sandoval*, 812 F.Supp. 1156, 1157 (D.Kan.1993) ("[W]hile the court may require the Marshal to provide money for subsistence during transit, this statute does not authorize the court to enter an order requiring the Marshal to provide money for subsistence upon reaching [the place of the court appearance.]").

Accordingly, Granados' motion is GRANTED in part in that the Court grants subsistence expenses for meals while traveling to this district. The Court ORDERS that the United States Marshals Service fund Granados' noncustodial transportation from Glyndon, Minnesota, to Billings, Montana for trial in this matter. The Court also ORDERS the United States Marshals Service to provide subsistence expenses for meals while traveling to the District of Montana.

Granados' motion (Doc. 245) is DENIED in all other respects. Specifically, the United States Marshals Service does not have to provide return transportation to Minnesota following the trial, as the statute does not permit such funding. The

3

United States Marshal's service also does not have to provide lodging, or meals beyond those ordered above. The Court finds that the statute does not authorize such expenses. *See United States v. Nave*, 733 F.Supp. 1002 (D.Md.1990) (observing that the legislative history to § 4285 states that subsistence may only be provided while the defendant is traveling and must terminate upon the defendant's arrival at the destination).

The Clerk of Court is DIRECTED to provide a copy of this Order to the United States Marshals Service.

DATED this 22nd day of January, 2018.

*Susan P. Watters*
SUSAN P. WATTERS
United States District Judge